# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| DANNY EARL CARVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-35-HSM-CHS |
| ) | |
| AUSTIN SWING and ) | |
| TIM LOKEY[1], ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, Danny Earl Carver, a pro se prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [Doc. 1], as well as a supplement to his original complaint [Doc. 10]. Defendants Swing and Lokey have jointly moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted [Doc. 19], as well as filed a memorandum in support of their motion to dismiss [Doc. 20]. Plaintiff has not filed a response in opposition, and the time for doing so has now passed. E.D. Tenn. L. R. 7.1, 7.2.

Also before the Court are Defendants' status motion on whether additional PLRA screening will occur [Doc. 16] and motion for extension of time to file a response to Plaintiff's complaint [Doc. 17]. For the reasons discussed below, Defendants' status motion [Doc. 16] will be **GRANTED in part**, Defendants' motion for extension of time [Doc. 17] will be **GRANTED nunc pro tunc**, and Defendants' motion to dismiss [Doc. 19] will be **GRANTED**.

---

[1] The Court has corrected the spelling of Defendant Lokey's name, which Plaintiff misspelled as "Ioky" in his complaint. [Doc. 1]. Accordingly, the Clerk is **DIRECTED** to correct Defendant Lokey's name in the Court file.

## I. PROCEDURAL BACKGROUND

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against Defendants Austin Swing and Tim Lokey, as well as against the Bedford County Sheriff's Department [Doc. 1]. The Court screened the complaint on May 11, 2017, and dismissed the Bedford County Sheriff's Department as a Defendant, but allowed Plaintiff twenty days to amend his complaint to cure the deficiencies noted with his respect to his Eighth Amendment claims [Doc. 9 p. 7]. On May 22, 2017, Plaintiff filed a supplement to his amended complaint [Doc. 10], and the Court determined that Plaintiff had stated a claim under the Eighth Amendment, and permitted service on the remaining two Defendants [Doc. 11]. Defendants Swing and Lokey then filed a motion to dismiss and supporting brief, in which they argue that Plaintiff has failed to state a claim for relief [Docs. 19, 20].

## II. FACTUAL BACKGROUND[2]

The Court previously detailed the factual allegations contained in Plaintiff's original complaint, stating:

> Bacteria of a kind unknown to Plaintiff, along with dust, rust, mold, mildew and fungi are present inside Plaintiff's cell, the showers, the kitchen, the chow hall, and throughout the structure of the Bedford County Jail [Doc. 1 p.2]. Mere cleaning would remedy these unsanitary and unsafe conditions [*Id.*]. Plaintiff and several other inmates—none of whom are identified or are named as parties in this lawsuit—have asked Defendant Tim Ioky, the Jail Administrator, to permit them to clean and repair the jail, but he refuses to provide the inmates with proper cleaning supplies [*Id.*]. Additionally, for months and, in some cases, years, the cells have leaked, but Defendants Ioky and Sheriff Austin Swing refuse to fix the wrongful living conditions [*Id.*]. Plaintiff is forced to sleep on the floor next to a toilet and, when his cellmates void into the toilet, urine splashes onto Plaintiff, his mattress, and his personal property [*Id.*]. Plaintiff also has been deprived of sufficient opportunities for physical exercise to maintain proper health [*Id.*].

---

[2] For the purposes of addressing the motion to dismiss, the Court takes Plaintiff's factual allegations as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "when ruling on a defendant's motion to dismiss, a judge must accept as true all factual allegations contained in the complaint") (internal citations omitted).

[Doc. 9 p. 2–3].

In Plaintiff's supplement to his original complaint, Plaintiff alleged that he arrived at the Bedford County Jail on December 10, 2015, and was forced to sleep on the floor next to the toilet until March 2016 [Doc. 10 p. 1]. Plaintiff then filed eight grievances, which he addressed to Defendant Lokey [*Id.*]. Plaintiff alleges that Defendant Lokey responded, "[d]ue to overcrowding, we can't help where you sleep" [*Id.*]. Ultimately, Plaintiff claims that he was forced to live in a nine-man pod, where at times there was anywhere from twenty-four to thirty people living in the pod [*Id.*].

With respect to the presence of black mold, dust, rust, mildew and fungi at the Bedford County Jail, Plaintiff alleges that he filed several grievances from December 2015 until May 2017 to Defendants Lokey and Swing [*Id.*]. Defendants responded to one of Plaintiff's grievances that "we're trying to get it under control, be patient" [*Id.*]. Further, Plaintiff alleges that several newspaper reports regarding jail conditions at the Bedford County Jail demonstrate "that both Defendants, Sheriff Austin Swing and Jail Administrator Tim Lokey know about the conditions of the jail" [*Id.* at 2]. Lastly, Plaintiff alleges that he has filed several grievances about the lack of exercise opportunities, and that he was only allowed to access the "rec yard" sixteen times over a seventeen-month period [*Id.*]. Plaintiff further claims that the overcrowding at the jail also prevents him from proper exercise [*Id.* at 3].

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal standard, requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," neither will "'naked assertion[s]' devoid of 'further factual enhancement[,]'" nor "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557).

When faced with a Rule 12(b)(6) motion, courts must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

Pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, this Court's "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Neither [this] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## IV. ANALYSIS

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (internal citations omitted).

Defendants argue that Plaintiff's Eighth Amendment claims do not rise to the level of a constitutional violation. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" deprivation; and (2) a subjective component, which requires a showing of a sufficiently capable state of mind, one of "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994).

However, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Although restrictive or even harsh conditions do not violate the Eighth Amendment, a condition will be sufficiently serious to satisfy the first component of an Eighth Amendment claim if it denies a plaintiff "the minimal civilized measures of life's necessities." *Id.* at 347. However, only an "extreme deprivation" can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). An extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwilling to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

Initially, the Court finds that Plaintiff cannot bring a claim against Defendants Swing and Lokey for compensatory damages based on the allegations of his complaint. In the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon

proof that the violation proximately caused injury." *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 659 (6th Cir. 1994). Under the Prison Litigation Reform Act ("PLRA"), a lawsuit brought by an institutionalized person requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Plaintiff's complaint fails to allege any personal injury suffered as a result of the alleged constitutional violations. Therefore, because Plaintiff has neither alleged nor demonstrated that he suffered any physical injury due to Defendants Swing or Lokey's actions, Plaintiff has failed to state a viable Eighth Amendment claim. *See Harden–Bey v. Rutter*, 524 F.3d 789, 795–96 (6th Cir. 2008); *see also Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (internal citations omitted). "Even if the [C]ourt presumes that the conditions as alleged by the plaintiff here caused an increased risk of disease and physical ailments, such risk has not been alleged to have resulted in actual physical harm as required to satisfy the PLRA." *See Doker v. Montgomery Cty. Jail*, No. 3:17-cv-947, 2017 WL 3172745, at *2 (M.D. Tenn. July 26, 2017) (internal citations omitted). Accordingly, Defendant's Motion to Dismiss [Doc. 19] will be **GRANTED**.

In *Rhodes v. Chapman*, the Supreme Court held that prison overcrowding, standing alone, does not violate the Eighth Amendment. 452 U.S. 337, 347–48 (1981). Rather, a plaintiff must show that crowded conditions led to independent deprivations of essential food, medical care, sanitation, or other necessities. *Id.* at 348; *see also Halliburton v. Sunquist,* 59 F. App'x 781, 782 (6th Cir. 2003) (holding "doublecelling, by itself, does not violate the Eighth Amendment");

*Daugherty v. Timmerman-Cooper*, No. 2:10-cv-01069, 2011 WL 3206844, at *3 (S.D. Ohio June 28, 2011) ("Since *Rhodes*, numerous courts, including both the Sixth Circuit and this Court, have emphasized that double or triple celling inmates, without more, is insufficient to state a constitutional claim.") (report and recommendation), *adopted*, 2011 WL 3207053 (S.D. Ohio July 27, 2011). "A prisoner has no right to sleep on an elevated bed." *Rishton v. Sullivan Cty. Sheriff's Dep't*, No. 2:07-cv-78, 2010 WL 1257989, at *3 (E.D. Tenn. Mar. 25, 2010) (internal citations omitted); *see also Hubbard v. Taylor,* 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *but see Townsend v. Fuchs*, 522 F.3d 765, 774 (7th Cir. 2008) (forcing inmates to sleep on a wet and moldy mattress on the floor for fifty-nine days sufficiently serious deprivation).

However, as Plaintiff has failed to allege any physical injury suffered as a result of overcrowding at the Bedford County Jail, his allegations fail to state a claim for relief under § 1983. *See Jennings v. Weberg*, No. 2:06-cv-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) ("Even assuming Plaintiff is claiming that being battered with spit and urine constitutes a physical injury, he cannot avoid the application of § 1997e(e). Although the requisite physical injury need not be serious, it must be more that [sic] *de minimis*.").

Additionally, the mere existence of mold is insufficient to state a valid claim under the Eighth Amendment. *See Perryman v. Graves*, No. 3:10-MC-109, 2010 WL 4237921, at *3 (M.D. Tenn. Oct. 20, 2010) (collecting cases that stand for the assertion that an allegation of mere exposure to black mold, without additional allegations or evidence of injuries to the plaintiff's health resulting from such exposure, is insufficient to state a claim for a violation of the Eighth Amendment); *see, e.g.*, *Juliot v. Osborne*, No. 4:14-cv-P1-M, 2014 WL 4259429, at * 4 (W.D. Ky. Aug. 27, 2014) (collecting cases to find that "an allegation of the presence of some mold does not

create a condition intolerable for prison confinement") (citation and internal quotation marks omitted). Plaintiff has failed to allege any injury he has suffered as a result of exposure to black mold at the Bedford County Jail. Therefore, Plaintiff's claims regarding the presence of mold, dust, rust, mildew and fungi fail to state a claim upon which relief may be granted under § 1983.

Lastly, Plaintiff's claims relating to inadequate exercise at the Bedford County Jail fail because Plaintiff fails to allege that limitations on recreational activity caused him to suffer any adverse effects. The Eighth Amendment entitles prisoners to sufficient exercise to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). Limitations on outdoor exercise may violate the Eighth Amendment in some circumstances, but the Sixth Circuit has not set a minimum amount of outdoor recreation time that is required. *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995). Instead, it has held that "'a total or near-total deprivation of exercise or recreational opportunity, without penological justification,'" impinges on an inmate's Eighth Amendment right, because "'[i]nmates require regular exercise to maintain reasonably good physical and psychological health.'" *Id.* (quoting *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983)). However, Plaintiff has failed to allege "that the denial of recreation caused him any physical injury or placed him at substantial risk of serious harm sufficient to constitute an Eighth Amendment violation." *Hardin v. Ruth*, No. 1:12–cv–30, 2012 WL 5304191, at *6 (E.D. Tenn. Oct. 25, 2012). Therefore, Plaintiff's allegations relating to exercise fail to state a claim for relief under § 1983.

V. **FAILURE TO RESPOND IN OPPOSITION TO DISMISSAL**

As an alternative basis for dismissal, the Court notes that it may properly dismiss a case for want of prosecution. *See, e.g.*, *Custom v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986); Fed. R. Civ. P. 41(b). Failure to respond or otherwise oppose a motion to dismiss operates

8

as both a waiver of opposition to and an independent basis for granting the unopposed motion. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought"). Plaintiff has not responded to the motion to dismiss, and the time for doing so has now passed. *See* E.D. Tenn. L.R. 7.1(a). Therefore, by way of such failure, Plaintiff is found to have waived opposition to dismissal of the complaint. *Ellison v. Knox Cty.*, No. 3:15-CV-126, 2016 WL 204472, at *13–14 (E.D. Tenn. Jan. 15, 2016); *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976).

## VI. CONCLUSION

As stated above, Plaintiff's complaint fails to state a claim for relief under § 1983, as Plaintiff fails to allege a personal injury to satisfy the requirement of 42 U.S.C. § 1997e(e). Therefore, Defendants' Motion to Dismiss [Doc. 19] will be **GRANTED**, and Plaintiff's complaint [Doc. 1]; [Doc. 10] will be **DIMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Defendants' status motion to determine whether additional PLRA screening will occur [Doc. 16] will be **GRANTED in part** to the extent that the instant memorandum opinion and order are being entered. The Court finds that Defendants' motion for extension of time [Doc. 17] is well-taken, and will be **GRANTED**. The Motion to Dismiss [Doc. 19] filed on August 10, 2017 is considered timely filed.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

9